UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY BARNES,

      Plaintiff,

                                        CASE NO. 2:19-cv-11030

v.

                                        PAUL D. BORMAN

STEVEN MNUCHIN,               UNITED STATES DISTRICT JUDGE
JEFF SESSIONS,
and DONALD TRUMP,

      Defendants.

_____/

**<u>ORDER GRANTING PLAINTIFF'S LETTER REQUEST [7]
AND DISMISSING THE COMPLAINT WITHOUT PREJUDICE</u>**

On April 10, 2019, plaintiff Tracy Barnes, filed a *pro se* pleading which he titled "Suit/Petition for Declaratory Relief Enforcement of Trust Protection and Full Accounting." *See* Compl., ECF No. 1. On April 12, 2019, Magistrate Judge R. Steven Whalen ordered Plaintiff to pay the filing fee for his complaint or to apply for permission to proceed without prepayment of the filing fee. *See* Order of Deficiency, ECF No. 3. When Plaintiff did not respond to that order, Magistrate Judge Whalen issued another order directing Plaintiff to prepay the filing fee or to apply for permission to proceed without prepaying the filing fee. *See* Second Order to Correct the Procedural Deficiency, ECF No. 6. Plaintiff subsequently wrote a brief letter to the Court in which he states that he would like to withdraw

his "Suit/Petition" and to have his documents returned to him.  *See* letter request, ECF No. 7.

The Federal Rules of Civil Procedure provide for voluntary dismissals by the plaintiff and by court order.  *See* Fed. R. Civ. P. 41(a).  A plaintiff may dismiss an action without a court order by filing either (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment or (ii) a stipulation of dismissal signed by all the parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(A).  "Unless the notice or stipulation states otherwise, the dismissal is without prejudice."  Fed. R. Civ. P. 41(a)(1)(B).

An action also may be dismissed by court order at the plaintiff's request and "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant . . . from unfair treatment," *Bridgeport Music, Inc. v. Universal-MCA Pub., Inc.*, 583 F.3d 948, 953 (6th Cir. 2009), and unless the order states otherwise, the dismissal is without prejudice.  Fed. R. Civ. P. 41(a)(2).

The nonmovants in this case are the defendants.  The dismissal of Plaintiff's complaint without prejudice would not be unfair to the defendants because they have not filed an appearance in this case or a response to Plaintiff's complaint.  In fact, it appears that the defendants were not served with the complaint or are even aware of it.  Accordingly, the Court grants Plaintiff's request to withdraw his

complaint and to return his pleading. The complaint is dismissed without prejudice, and a copy of the pleading is enclosed with this order. This case is now closed.

Dated: August 6, 2019                                s/Paul D. Borman
                                                     Paul D. Borman
                                                     United States District Judge